UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. TREON,<br><br>   Petitioner,<br><br> v.<br><br>FEDERAL BUREAU OF PRISONS.,<br><br>   Respondent. | Case No.  1:25-cv-00280-HBK (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISS AS DUPLICATIVE |

  Petitioner Raymond A. Treon, a federal prisoner, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' alleged miscalculation of his sentence based on a decision to run his sentences consecutively rather than concurrently.  (Doc. No. 1, "Petition").  The Petition originally was filed in the Eastern District of Missouri on February 3, 2025, and subsequently transferred to the Eastern District of California on March 6, 2025.  (Doc. Nos. 1, 3, 4).

  The Court takes judicial notice that on January 29, 2025, before the instant Petition was transferred to this Court, Petitioner had already filed a separate petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of California.  *See Treon v. Federal Bureau of Prisons*, Case No. 1:25-cv-00122-HBK.  On May 8, 2025, on Respondent's motion, the Court found Case Nos. 1:25-cv-00122-HBK, 1:25-cv-00279-HBK, and 1:25-cv-00280-HBK were all

1  related within the meaning of Local Rule 123(a), and 1:25-cv-00279-HBK and 1:25-cv-00280-
2  HBK were reassigned to the undersigned. (Doc. Nos. 10, 14).
3      In general, when a pro se petitioner files a habeas petition during the pendency of a
4  previous petition, the district court should construe the second petition as a motion to amend the
5  previous petition.[1]  *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, construing
6  a duplicative petition as a motion to amend the earlier petition would be purposeless.  *See Pierce*
7  *v. Obama*, No. 1:14-cv-01992-GSA-HC, 2015 WL 300676, at *2 (E.D. Cal. Jan. 22, 2015)
8  ("[Petition] is an exact duplicate of the second amended petition currently pending in the
9  previously filed action … Therefore, construing the new petition as a motion to amend would
10 serve no purpose.").
11     Here, upon further review, it appears the instant Petition and the petition in Case No. 1:25-
12 cv-00122-HBK assert identical claims—namely, that Petitioner's sentences should be run
13 concurrently rather than consecutively. (*Compare* Doc. No. 1 *with* Case No. 1:25-cv-00122-
14 HBK, Doc. No. 1).  Accordingly, Petitioner is directed to show cause why the instant Petition in
15 this case should not be dismissed as duplicative of petition in Case No, 1:25-cv-00122-HBK.
16 Petitioner may only proceed on in one action and may not have duplicative actions pending
17 before a court.  Thus, if Petitioner wishes to proceed in his first filed case in this court— Case No.
18 1:25-cv-00122-HBK—he may file a notice of voluntary dismissal pursuant to Federal Rule of
19 Civil Procedure 41(a)(1)(A)(i) in this duplicative case.[2]
20     Accordingly, it is **ORDERED**:
21     1.    Within **fourteen (14)** days from receipt of this Order, Petition must SHOW

---

[1] Indeed, the Court construed Petitioner's Petition in Case No. 1:25-cv-00279-HBK as a motion to amend and had it transferred to Petitioner's first filed case at Case No. 1:25-cv-00122-HBK.

[2] Pursuant to the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  A voluntary dismissal under Rule 41 requires no action on the part of the court and divests the court of jurisdiction upon the filing of the notice of voluntary dismissal. *See United States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is self-executing and requires no further action by court).  Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition. *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) (collecting cases).

CAUSE why the Petition in the above case should not be dismissed as duplicative of the petition in Case No. 1:25-cv-00122-HBK. Respondent will be directed to respond no later than fourteen (14) days after Petitioner's response to this Order, if necessary.

    2.    In the alternative, should Petitioner agree that his instant Petition is duplicative of his petition in Case No. 1:25-cv-00122-HBK, he may file a Notice of Voluntary Dismissal in the above case, Case No. 1:25-cv-00280, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Respondent will then be directed to respond to Petitioner's operative petition in Case No. 1:25-cv-00122-HBK that contains all of Petitioner's grounds for relief.

Dated:   May 8, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE