UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. TREON,<br><br>   Petitioner,<br><br>  v.<br><br>FEDERAL BUREAU OF PRISONS AND THE DIRECTOR,<br><br>   Respondents. | Case No. 1:25-cv-00280-HBK(HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>(Doc. No. 1)<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

  Petitioner Raymond A. Treon is a federal prisoner proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1, "Petition"). This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). For the reasons set forth below, the undersigned recommends that the Petition be dismissed as duplicative.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

## I.   BACKGROUND

Petitioner is incarcerated at the Federal Correctional Institution (FCI) Mendota located in Mendota, California. The Petition raises a single claim: the Federal Bureau of Prisons ("BOP") miscalculated Petitioner's sentence and "refused to honor" the sentencing court's order that his terms of imprisonment run concurrently rather than consecutively. (Doc. No. 1). As relief, Petitioner asks the court to direct the BOP to run his state and federal sentences concurrently. (*Id.* at 3).

On May 8, 2025, the Court directed Petitioner to show cause why the Petition should not be dismissed as duplicative. (Doc. No 12). The Court took judicial notice that on January 29, 2025, before the instant Petition was transferred to this Court from the Eastern District of Missouri on February 3, 2025, Petitioner filed a separate petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of California. *See Treon v. Federal Bureau of Prisons*, Case No. 1:25-cv-00122-HBK. The Court noted that the instant Petition and the previously filed petition appeared to assert identical claims. Petitioner did not respond to the order to show cause, and the deadline for doing so has passed.

## II.   APPLICABLE LAW AND ANALYSIS

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012); *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d. Cir. 1977) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."). The Ninth Circuit held that "after weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. In "assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

In general, when a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition. *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008). However, construing a duplicative petition as a motion to amend the earlier petition would be purposeless. *See Pierce v. Obama et. al.*, 2015 WL 300676, at *2 (E.D. Cal. Jan. 22, 2015) ("[Petition] is an exact duplicate of the second amended petition currently pending in the previously filed action . . . Therefore, construing the new petition as a motion to amend would serve no purpose.").

Here, the instant Petition and the petition filed in *Treon v. Federal Bureau of Prisons*, Case No. 1:25-cv-00122-HBK are identical. (*Compare* Doc. No. 1, *with Treon*, Case No. 1:25-cv-00122-HBK, Doc. No. 1). The contents of both petitions, including the parties, cause of action, relief, signature, and date, are identical and appear to be photocopied. (*Id*.). Thus, the instant Petition should be dismissed as duplicative. *See Garza v. Hernandez,* 2008 WL 3060756, at *1 (E.D. Cal. Aug. 4, 2008) (dismissing as duplicative a state prisoner's pro se petition for writ of habeas corpus because the same claim against the same parties has been asserted through numerous previous petitions); *Pierce v. Obama et. al.*, 2015 WL 300676, at *2 (dismissing duplicative petition "to promote judicial economy and protect the parties from concurrent litigation of the same claim.").

Accordingly, it is ORDERED:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further RECOMMENDED:

1. The District Court dismiss the petition (Doc. No. 1).

2. The Clerk be directed to terminate any pending motions and close this case.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   June 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE